FILED: 7/29/2019 11:01 AM
David Trantham
Denton County District Clerk
By: Dylan Ladwig, Deputy

19-6724-211

Cause No. _____

| | | |
|---|---|---|
| Kim Dohyun | § | In the _____ Judicial |
| | § | |
| V. | § | District Court of |
| | § | |
| Spinnaker Insurance Company | § | Denton County, Texas |

## PLAINTIFF'S ORIGINAL PETITION
### (with Disclosure Request)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Kim Dohyun** (788/960), hereinafter called Plaintiff, complaining of and about **Spinnaker Insurance Company,** hereinafter called Defendant, and for cause of action shows unto the Court the following:

**SERVICE**

1.      Defendant **Spinnaker Insurance Company** is an insurance company, doing business in the State of Texas. Said Defendant can be served through its attorney for service: Incorp Services, Inc., 815 Brazos St., Suite 500, Austin, TX 78701-2509.

**JURISDICTION**

2.      The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $100,00.00 but less than $200,000.00.

**VENUE**

3.      Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Denton County is proper in this cause in that it is where the insured resides.

**AGENCY AND VICARIOUS LIABILITY.**

4.      Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

**WRITTEN NOTICE GIVEN**.

5.      Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

6.      Notice letter was issued May 22, 2019, and this lawsuit is being filed after the expiration of 60 days.

## FACTS

7.      On February 15, 2019, Plaintiff had a policy of insurance with Defendant, policy number HTX-0236945-00, which was in full force and effect.

8.      On February 15, 2019, Plaintiff suffered a loss which is the type of loss covered by the policy.

9.      Plaintiff reported the claim on February 18, 2019, and was assigned claim number 009077-001275-RB-01 and the adjuster was Brad McHam.

10.     The loss suffered by Plaintiff included costs to repairs leaks and costs for damage to the home.

11.     Defendant's investigation of the claim did not include a licensed plumber or an engineer qualified to determine the cause of the damages suffered by Plaintiff.

12.     Defendant paid for the flooring damage but in a letter dated April 26, 2019, Defendant refused to pay for the cost to repair water lines.

13.     In Defendant's denial letter Defendant's reason for denial of the water leaks and repairs was Defendant's cite to policy language that excludes coverage for "wear and tear, marring, deterioration".

14.     Defendant's investigation does not show any foundation for Defendant's assertion that the water leaks were caused by "wear and tear, marring, and deterioration."

15.     Plaintiff was forced to have the repairs performed at his own expense, with the total cost to him, being $39,525.00.  (3 invoices enclosed)

## VIOLATIONS OF THE TEXAS INSURANCE CODE

16.     Plaintiff incorporates herein all the FACTS as set forth above.

17.     Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

    a)      TIC § 541.060(a)(1):      Defendant has violated this section by misrepresenting to a claimant a material fact relating to coverage at issue by telling claimant there is no coverage because the water leaks were caused by "wear and tear, marring, and deterioration when there is no evidence that is the reason for Plaintiff's loss.

    b)      TIC § 541.060(a)(2)(A):     Defendant has violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research on Defendant's part would show that there is no evidence that Plaintiff's loss was caused by "wear and tear, marring, and deterioration."

    c)      TIC § 541.060(a)(3):      Defendant has violated this section by failing to provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of a claim, i.e., Defendant has no evidence that Plaintiff's loss was caused by "wear and tear, marring, and deterioration."

d)      TIC § 541.060(a)(7):      Defendant has violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that a reasonable investigation would show that the loss was not caused by "wear and tear, marring, and deterioration."

## BREACH OF CONTRACT

18.     Plaintiff incorporates herein all the FACTS as set forth above.

19.     Defendant's conduct in this matter appears to be in Breach of Contract, as follows:

20.     There is a valid, enforceable contract of insurance between Defendant and Plaintiff.

21.     Plaintiff is a proper party to bring this lawsuit against Defendant.

22.     Plaintiff has performed under the contract by paying premiums and cooperating with Defendant's investigation and supplying Defendant with necessary information.

23.     Defendant has breached the contract Defendant has with Plaintiff by not providing benefits.

24.     Defendant's breach of the contract has caused injury to Plaintiff.

## PROMPT PAYMENT OF CLAIMS ACT

25.     Plaintiff incorporates herein all the FACTS as set forth above.

26.     Defendant had all the information needed to pay Plaintiff's claim on or before April 26, 2019. As a result, this claim should have been accepted and paid by April 26, 2019.

27.     It appears that Defendant's intentionally or in a negligent manner handled Plaintiff's claim.

28.     Defendant's conduct in this matter appears to be in violation of Prompt Payment, as follows:

a.      TIC, § 542.055(a)(1):      Defendant has violated this section by, not later than the 15th day after, Defendant received notice of Plaintiff's claim, acknowledged receipt of the claim.

b.      TIC, § 542.055(a)(2):      Defendant has violated this section by, not later than the 15th day after, Defendant received notice of Plaintiff's claim, commenced investigation of the claim.

c.      TIC, § 542.055(a)(3):      Defendant has violated this section by, not later than the 15th day after Defendant received notice of Plaintiff's claim requested from Plaintiff all items, statements, and forms that Defendant reasonably believed Defendant needed, at that time, that would be required from Plaintiff, i.e., Defendant only told him to file a police report.

d.      TIC, § 542.056(a):  Defendant has violated this section in that Defendant did not notify John in writing of the acceptance or rejection of his claim not later than the 15th business day after the date Defendant received all items, statements, and forms required by Defendant to secure final proof of loss.

29.     Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

**DAMAGES.**

30.     Plaintiff incorporates herein all the facts as set forth above.

31.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

        a)     $39,525.00 - actual damages

        b)     $10,000.00 - exemplary damages due to the knowing and intentional conduct on Defendant's part.

        c)     Mental anguish damages resulting from Defendant's conduct.

        d)     Reasonable and necessary attorney fees resulting from Defendant's conduct.

        e)     $????.?? - penalty @ 18%, from April 26, 2019, on actual damages, until paid.


**DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:**

32.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant **Spinnaker Insurance Company** is requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l).   A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

33.     The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney.  If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.


**USE OF DOCUMENTS:**

34.     Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.


**ATTORNEY'S FEES.**

35.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.


**PRE-JUDGMENT INTEREST.**

36.     As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

**POST JUDGMENT INTEREST.**

37.      As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

**COSTS OF SUIT.**

38.      In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

39.      Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**REQUEST FOR JURY TRIAL.**

40.      Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**PRAYER.**

41.      **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on July 29, 2019.

Respectfully submitted,

/s/      Mark S. Humphreys
Mark S. Humphreys   - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel.   (972) 263-3722      *      Fax.  (972) 237-1690
Email:    texaslaw94@yahoo.com
**Attorney For Plaintiff**